UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHARLES HADDAD, )
      Plaintiffs, )
v. )
 ) Civil Action No.
PEGGY KAHN and )
CIPRIANI ACCESSORIES, INC., )
      Defendants )

## DEFENDANTS' NOTICE OF REMOVAL

PEGGY KAHN and CIPRIANI ASSOCIATES, the defendants in the above-referenced matter (hereinafter "Defendants"), hereby give notice, pursuant to 28 U.S.C. §§ 1441 and 1446, of their removal of this matter to this Court from the Superior Court of Berkshire County, Massachusetts, sitting at Greenfield (hereinafter "Superior Court").

As grounds for removal, the defendants, by their undersigned counsel, state as follows:

1. This is an action of tort commenced by the Plaintiff, CHARLES HADDAD (hereinafter "Plaintiff"), in the Superior Court on or about May 10, 2005, arising from a motor vehicle collision that occurred in Great Barrington, Berkshire County, Massachusetts.

2. Copies of the following documents, representing all process, pleadings and orders served upon the defendants to date in the Superior Court proceeding, which is captioned and numbered, *Charles Haddad,. Plaintiff v. Peggy Kahn and Cipriani Associates,*

*Defendants*, Civil Action No.: BECV2005-00131-A, are attached pursuant to 28 U.S.C. § 1446(a), and are incorporated herein by reference:

    a. Complaint;

    b. Civil Action Cover Sheet;

    c. Summonses with Acceptance of Service.

3. The plaintiff, CHARLES HADDAD alleges in his Complaint that he is a resident of Great Barrington, Berkshire County, Massachusetts.

4. The defendant, PEGGY KAHN, is an individual who resides in Cedarhurst, New York.

5. The defendant, CIPRIANI ASSOCIATES, INC. is a corporation with a principal office in Far Rockaway, New York.

6. The Plaintiff alleges in his Complaint that on September 27, 2002, he sustained injuries in an automobile accident involving the defendant, PEGGY KAHN that occurred in Great Barrington, Berkshire County, Massachusetts.

7. The Plaintiff's civil action cover sheet, filed with the Complaint, asserts damages in excess of three hundred thousand ($300,000) dollars, based on medical costs incurred in the approximate amount of seventeen thousand ($17,000) dollars, lost wages in the approximate amount of twenty-two thousand ($22,000) dollars, anticipated future medical expenses in the approximate amount of ten thousand ($10,000), and anticipated future loss of earnings of approximately twenty thousand ($20,000) dollars.

8. The summons and the complaint in this matter were served upon defendants on or about June 16, 2005.

9. This action is properly removable to this Court pursuant to 28 U.S.C. § 1441(a) in that this Court possesses original diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1). This action is between citizens of different states. The claim involves an amount in controversy which may exceed the sum or value of Seventy-Five Thousand and 00/100 ($75,000.00) Dollars, exclusive of interest and costs, and there has already been an offer of settlement in excess of that sum.

10. In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.

                              The defendants,
                              Peggy Kahn and Cipriani Accessories, Inc.

                    By:       _____
                              John S. Ferrara, Esq.  - BBO No. 542078
                              Dalsey, Ferrara & Albano
                              73 State Street, Suite 101
                              Springfield, MA 01103
                              Tel. No. (413) 736-6971
                              Fax No. (413) 746-9224
                              June 27, 2005

## CERTIFICATE OF SERVICE

I, John S. Ferrara, Esq., hereby certify that I made service of the foregoing document, by mailing a copy of it, postage prepaid, to counsel for the plaintiff, Thomas Campoli, Esq. on this date, June 27, 2005.

                              _____
                              John S. Ferrara, Esq.

COMMONWEALTH OF MASSACHUSETTS

BERKSHIRE, SS.                               SUPERIOR COURT DEPARTMENT
                                             OF THE TRIAL COURT
                                             Civil Action No.

CHARLES HADDAD,                      )
            Plaintiff                )
                                     )
        v.                           )   COMPLAINT AND DEMAND FOR
                                     )   TRIAL BY JURY ON ALL ISSUES
PEGGY KAHN and CIPRIANI ACCESSORIES )
INC.,                                )
            Defendant                )

## PARTIES

1. The plaintiff, Charles Haddad, is an individual who resides at 33 Silver Street, Great Barrington, Massachusetts.

2. The defendant, Peggy Kahn, is an individual who, upon information and belief, resides at 407 Church Avenue, Cedarhurst, New York 11516.

3. The defendant, Cipriani Accessories, Inc., is a New York Corporation with a principle place of business located at 14-15 Red Fenn Avenue, Far Rockaway, New York 11691.

## COUNT I

4. On September 27, 2002, the plaintiff, Charles Haddad, was a passenger in a car traveling in an easterly direction on Main Street in Great Barrington, Massachusetts.

5. The defendant, Peggy Kahn, was operating a motor vehicle in a northerly direction and was exiting a driveway at Brooks Pharmacy.

6. The defendant, Peggy Kahn, negligently and carelessly operated her motor vehicle as to cause it to collide with the motor vehicle in which the plaintiff was a passenger.

7. As a result thereof the plaintiff, Charles Haddad, sustained serious injuries, suffered great pain of body and mind, incurred substantial medical expenses and lost income, and has been and continues to be prevented from pursuing his normal activities.

WHEREFORE, the plaintiff moves this Court to enter judgment on the Court as follows:

    a. Judgment against the defendant, Peggy Kahn, for actual and consequential damages sustained together with interest and costs; and

    b. Claim to Trial by Jury on All Issues.

## COUNT II

8. The plaintiff incorporates by reference paragraphs 1 through 7 above.

9. The defendant, Cipriani Accessories, Inc., through its agent and/or person it was legally responsible for, negligently and carelessly operated its motor vehicle as to cause it to collide with the motor vehicle in which the plaintiff was a passenger.

10. As a result thereof the plaintiff, Charles Haddad, sustained serious injuries, suffered great pain of body and mind, incurred substantial medical expenses and lost income, and has been and continues to be prevented from pursuing his normal activities.

WHEREFORE, the plaintiff moves this Court to enter judgment on the Court as follows:

    a. Judgment against the defendant, Cipriani Accessories, Inc., for actual and consequential damages sustained together with interest and costs; and

    b. Claim to Trial by Jury on All Issues.

Respectfully submitted,

CHARLES HADDAD, Plaintiff

By his attorney,

*/s/ Thomas L. Campoli*

Thomas L. Campoli, Esquire
CAMPOLI & MONTELONE
27 Willis Street, P.O. Box 1384
Pittsfield, MA 01202
(413) 443-6485
B.B.O. # 071770

| CIVIL ACTION COVER SHEET | DOCKET NO (S) | Trial Court of Massachusetts Superior Court Department County:_____ |
|---|---|---|
| PLAINTIFF(S)<br>Charles Haddad | | DEFENDANT(S)<br>Peggy Kahn and Cipriani Accessories, Inc. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE (413) 443-6485<br>Thomas L. Campoli, Esquire<br>P.O. Box 1384, Pittsfield, MA 01202<br>Board of Bar Overseers number: 071770 | | ATTORNEY (if known) |

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | MV Negligence - PI | (F) | (xx) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................................................... $4,648.17
2. Total Doctor expenses ............................................................ $11,651.91
3. Total chiropractic expenses ..................................................... $.........
4. Total physical therapy expenses ............................................... $ 687.67
5. Total other expenses (describe) ................................................ $.........
   Subtotal $16,987.75
B. Documented lost wages and compensation to date ........................... $22,290.00
C. Documented property damages to date ........................................ $.........
D. Reasonably anticipated future medical and hospital expenses ............. $10,000.00
E. Reasonably anticipated lost wages ............................................. $20,000.00
F. Other documented items of damages (describe)
   $.........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   As a result of the accident the plaintiff has been diagnosed with 1) cervical facet syndrome, 2) cervical sprain, 3) thoraci sprain, 4) lumbar sprain 5) lumbar facet syndrome, and 6) lumbar disk herniation. He is $250,000.00
   left with permanent injuries and impairments
   TOTAL $319,927.25

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):




TOTAL $. ..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules o Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected disput resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: _____

AOTC-6 mic005-11/99
A.O.S.C 1-2000

# Commonwealth of Massachusetts

BERKSHIRE, ss.

SUPERIOR COURT
CIVIL ACTION
No. BECV2005-00131-A

.....Charles Haddad....................................................., Plaintiff(s)

v.

.....Peggy Kahn and Cipriani Accessories, Inc....., Defendant(s)

## SUMMONS

To the above-named Defendant:   Cipriani Accessories

You are hereby summoned and required to serve upon ...................................,
.................................Thomas L. Campoli....................................................

plaintiff's attorney, whose address is .....CAMPOLI & MONTELEONE, 27 Willis Street
............P.O. Box 1384, Pittsfield, MA 01202......................................., an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon
you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. You are also required to file your answer to the complaint in
the office of the Clerk of this court at Pittsfield either before service upon plaintiff's attorney or with-
in a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim
which you may have against the plaintiff which arises out of the transaction or occurrence that is the
subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any
other action.

Witness, BARBARA J. ROUSE , Esquire at Pittsfield, the .....26th................ day
of ..May.............., in the year of our Lord ~~one thousand nine hundred and~~ 2005.................

                                                                                CLERK.

*[Left margin: To have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.]*

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
(1) — TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) — EQUITABLE RELIEF — (5) — OTHER

Form - CIV. P.- 1 - 6-78 - 2500

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on **June 16**, **2005**, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

My 3rd attempt at the premises nobody was home. I taped the Summons and Complaint on the door. I then went to the post office and mailed a copy to the residence located at 407 Church Avenue, Cedarhurst, NY 11559.

Dated: **June 17, 2005**       *Jason Orwel*

**N.B. TO PROCESS SERVER:—**

PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

   June 16  2005.

COMMONWEALTH OF MASSACHUSETTS
BERKSHIRE, ss.
SUPERIOR COURT
CIVIL ACTION
No. BECV2005-00131-A

Charles Haddad , Pltf(s).

v.

Pegsy Kahn and Cipriani Accessories Inc Deft(s)

SUMMONS
(Mass. R. Civ. P. 4)



# Commonwealth of Massachusetts

BERKSHIRE, ss.

SUPERIOR COURT
CIVIL ACTION
No. BECV2005-0113l

Charles Haddad, Plaintiff(s)

v.

Peggy Kahn and Cipriani Accessories, In Defendant(s)

## SUMMONS

To the above-named Defendant: Peggy Kahn

You are hereby summoned and required to serve upon .......Thomas L. Campoli........ plaintiff's attorney, whose address is ...Campoli & Monteleone, 27 Willis Street, P.O. Box 1384, Pittsfield, MA 01202......, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Pittsfield either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, BARBARA J. ROUSE, Esquire at Pittsfield, the ......26th...... day of ...May......, in the year of our Lord ...2005......

CLERK.

NOTICE TO DEFENDANT—You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
(1) – TORT – (2) MOTOR VEHICLE TORT – (3) CONTRACT – (4) – EQUITABLE RELIEF – (5) – OTHER

Form - CIV.P. - 1 - 8-75 - 2500

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on **June 16** ,  **2005**, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

My 3rd attempt at the premises nobody was home. I taped the summons and complaint on the door. I then went to the post office and mailed a copy to the residence located at 467 Church Avenue, Cedarhurst NY, 11559

Dated: **June 17**, **2005**.                      *Jason Dunn*

**N.B. TO PROCESS SERVER:—**
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

> June 16 , 2005.

COMMONWEALTH OF MASSACHUSETTS
BERKSHIRE, ss.
SUPERIOR COURT
CIVIL ACTION
No. BECV2005-0013-A

Charles Haddad , Plff(s).

v.

Peggy Kahn and Cipriani Accessories Inc. , Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
CHARLES HADDAD

## DEFENDANTS
PEGGY KAHN and
CIPRIANI ACCESSORIES, INC.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Berkshire (MA)
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Nassau (NY)
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) 413-443-6485
Thomas Campoli
CAMPOLI & MONTELONE
27 Willis Street, P.O. Box 1384
Pittsfield, MA  01202

ATTORNEYS (IF KNOWN) (413) 736-6971
John S. Ferrara, Esq.
DALSEY, FERRARA & ALBANO
73 State Street, Suite 101
Springfield, MA  01103

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☒ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

*PERSONAL INJURY*
- ☐ 362 Personal Injury — Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- HABEAS CORPUS:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS — Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Motor vehicle accident that occurred in this District, with diversity of citizenship.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE June 27, 2005

SIGNATURE OF ATTORNEY OF RECORD
/s/ John S. Ferrara
John S. Ferrara, Esq.

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE 305983 MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)
   Charles Haddad v. Peggy Kahn, et al.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   __    I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   __    II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
               740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

   X     III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, (350) 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.

   __    IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
               690, 810, 861-865, 870, 871, 875, 900.

   __    V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

   YES ☐    NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?  (SEE 28 USC §2403)

   YES ☐    NO ☒

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

   YES ☐    NO ☒

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

   YES ☐    NO ☒

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

   YES ☒    NO ☐

   A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

       EASTERN DIVISION ☐    CENTRAL DIVISION ☐    WESTERN DIVISION ☒

   B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

       EASTERN DIVISION ☐    CENTRAL DIVISION ☐    WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME    John S. Ferrara, Esq.
ADDRESS    73 State Street, Suite 101, Springfield, MA  01103
TELEPHONE NO.    (413) 736-6971

(Cover sheet local.wpd - 11/27/00)