## Commonwealth of Massachusetts
### BERKSHIRE SUPERIOR COURT
### Case Summary
### Civil Docket

## BECV2005-00131
## Haddad v Kahn et al

| | | | |
|---|---|---|---|
| **File Date** | 05/10/2005 | **Status** | Disposed: remanded to District Court (drem) |
| **Status Date** | 06/29/2005 | **Session** | A - Civil A - CtRm 1 |
| **Origin** | 1 | **Case Type** | B03 - MV negligence/pers injury/prop dmg |
| **Lead Case** | | **Track** | F |

*O5 CV 30154 - MAP*

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 08/08/2005 | **Answer** | 10/07/2005 | **Rule12/19/20** | 10/07/2005 |
| **Rule 15** | 10/07/2005 | **Discovery** | 03/06/2006 | **Rule 56** | 04/05/2006 |
| **Final PTC** | 05/05/2006 | **Disposition** | 07/04/2006 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Charles Haddad
Active 05/10/2005

**Private Counsel 071770**
Thomas L Campoli
Campoli & Campoli
27 Willis Street
PO Box 1384
Pittsfield, MA 01202
Phone: 413-443-6485
Fax: 413-448-6233
Active 05/10/2005 Notify

**Defendant**
Peggy Kahn
Served: 06/24/2005
Served (answr pending) 06/24/2005

**Private Counsel 542078**
John S Ferrara
Dalsey Ferrara & Albano
73 State Street
Suite 101
Springfield, MA 01103
Phone: 413-736-6971
Fax: 413-746-9224
Active 06/29/2005 Notify

**Defendant**
Cipriani Accessories, Inc.
Served: 06/24/2005
Served (answr pending) 06/24/2005

*** See Attorney Information Above ***

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 05/10/2005 | 1.0 | Complaint & civil action cover sheet filed |
| 05/10/2005 | | Origin 1, Type B03, Track F. |
| 06/24/2005 | 2.0 | SERVICE RETURNED: Peggy Kahn(Defendant) - 3rd attempt at the premises nobody was home. I taped the summons and complaint on the door. I then went to the post office and mialed a copy to the residence located at 407 Church Ave., Cedarhust, N.Y. 11559. |
| 06/24/2005 | 3.0 | SERVICE RETURNED: Cipriani Accessories, Inc.(Defendant)- 3rd attempt at the premises nobody was home. I taped the summons and complaint on the door. I then went to the post office and mialed a copy to the residence located at 407 Church Av., Cedarhust, N.Y. |

**Commonwealth of Massachusetts**
**BERKSHIRE SUPERIOR COURT**
**Case Summary**
**Civil Docket**

## BECV2005-00131
## Haddad v Kahn et al

| Date | Paper | Text |
|------|-------|------|
| | 3.0 | 11559.   Jasen Drucker |
| 06/29/2005 | 4.0 | Atty John S Ferrara's notice of appearance for Peggy Kahn and |
| | | Cipriani Accessories, Inc. |
| 06/29/2005 | 5.0 | ORDERED:REMANDED to U.S. District Court Court (Mary-Lou Rup, Justice) |
| | | All pleadings along with copy of docket sheet mailed to John S. |
| | | Ferrars, Esq.; all counsel of record notified 6/27/05 |

EVENTS

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 05-131 | Trial Court of Massachusetts Superior Court Department County: _____ |
|---|---|---|

| PLAINTIFF(S) Charles Haddad | DEFENDANT(S) Peggy Kahn and Cipriani Accessories, Inc. |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE (413) 443-6485 Thomas L. Campoli, Esquire P.O. Box 1384, Pittsfield, MA 01202 Board of Bar Overseers number: 071770 | ATTORNEY (if known) |

### Origin code and track designation

Place an x in one box only:

[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | MV Negligence - PI | (F) | (X) Yes  ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

THE COMMONWEALTH OF MASSACHUSETTS
BERKSHIRE, S.S. SUPERIOR COURT

F
I
L
E
D

MAY 10 2005

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . $4,648.27
2. Total Doctor expenses . . . . . . . . . . . . . . . . $11,651.31
3. Total chiropractic expenses . . . . . . . . . . . . $
4. Total physical therapy expenses . . . . . . . . . . $687.67
5. Total other expenses (describe) . . . . . . . . . . $
   Subtotal $16,987.25

B. Documented lost wages and compensation to date . . . . . . $22,290.00
C. Documented property damages to date . . . . . . . . . . . $
D. Reasonably anticipated future medical and hospital expenses . $10,000.00
E. Reasonably anticipated lost wages . . . . . . . . . . . . . $20,000.00
F. Other documented items of damages (describe)
   $

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   As a result of the accident the plaintiff has been diagnosed with 1) cervical facet syndrome, 2) cervical sprain, 3) thoracic sprain, 4) lumbar sprain 5) lumbar facet syndrome, and 6) lumbar disk herniation. He is $250,000.00 left with permanent injuries and impairments

**TOTAL $319,927.25.**

### CONTRACT CLAIMS    A True Copy
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

Attest: _Deborah S[...]_ Clerk

**TOTAL $ . . . . . . . . . . .**

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____  DATE: 5/9/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000



THE COMMONWEALTH OF MASSACHUSETTS
BERKSHIRE, S.S. SUPERIOR COURT

BERKSHIRE, SS.

FILED

MAY 10 2005

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
Civil Action No. 05-131

CHARLES HADDAD,
                    Plaintiff          )
                                       )
            v.                         )    COMPLAINT AND DEMAND FOR
                                       )    TRIAL BY JURY ON ALL ISSUES
PEGGY KAHN and CIPRIANI ACCESSORIES    )
INC.,                                  )
            Defendant                  )

### PARTIES

1.  The plaintiff, Charles Haddad, is an individual who resides at 33 Silver Street, Great Barrington, Massachusetts.

2.  The defendant, Peggy Kahn, is an individual who, upon information and belief, resides at 407 Church Avenue, Cedarhurst, New York 11516.

3.  The defendant, Cipriani Accessories, Inc., is a New York Corporation with a principle place of business located at 14-15 Red Fenn Avenue, Far Rockaway, New York 11691.

### COUNT I

4.  On September 27, 2002, the plaintiff, Charles Haddad, was a passenger in a car traveling in an easterly direction on Main Street in Great Barrington, Massachusetts.

5.  The defendant, Peggy Kahn, was operating a motor vehicle in a northerly direction and was exiting a driveway at Brooks Pharmacy.

6.  The defendant, Peggy Kahn, negligently and carelessly operated her motor vehicle as to cause it to collide with the motor vehicle in which the plaintiff was a passenger. ..

7.  As a result thereof the plaintiff, Charles Haddad, sustained serious injuries, suffered great pain of body and mind, incurred substantial medical expenses and lost income, and has been and continues to be prevented from pursuing his normal activities.



A True Copy

Attest: _____ 
                    Clerk

WHEREFORE, the plaintiff moves this Court to enter judgment on the Court as follows:

    a.   Judgment against the defendant, Peggy Kahn, for actual and consequential damages sustained together with interest and costs; and

    b.   Claim to Trial by Jury on All Issues.

### COUNT II

8.   The plaintiff incorporates by reference paragraphs 1 through 7 above.

9.   The defendant, Cipriani Accessories, Inc., through its agent and/or person it was legally responsible for, negligently and carelessly operated its motor vehicle as to cause it to collide with the motor vehicle in which the plaintiff was a passenger.

10.  As a result thereof the plaintiff, Charles Haddad, sustained serious injuries, suffered great pain of body and mind, incurred substantial medical expenses and lost income, and has been and continues to be prevented from pursuing his normal activities.

WHEREFORE, the plaintiff moves this Court to enter judgment on the Court as follows:

    a.   Judgment against the defendant, Cipriani Accessories, Inc., for actual and consequential damages sustained together with interest and costs; and

    b.   Claim to Trial by Jury on All Issues.

Respectfully submitted,

CHARLES HADDAD, Plaintiff

By his attorney,

Thomas L. Campoli, Esquire
CAMPOLI & MONTELONE
27 Willis Street, P.O. Box 1384
Pittsfield, MA 01202
(413) 443-6485
B.B.O. # 071770

A True Copy
Attest: Deborah Stapelton
               Clerk

# CAMPOLI & MONTELEONE
ATTORNEYS AT LAW
27 WILLIS STREET, P.O. BOX 1384
PITTSFIELD, MASSACHUSETTS 01201
PHONE (413) 443-6485 FAX (413) 448-6233
www.campolilaw.com

THOMAS L. CAMPOLI
J. PERI CAMPOLI
ROBERT A. MONTELEONE, JR.

ANDREW T. CAMPOLI
OF COUNSEL

JEFFREY R. LYNCH*
JEFFREY T. SCRIMO
SCOTT W. ELLIS *

*Also Admitted in CT

May 9, 2005

Berkshire County Superior Court
Attn: Deborah Capeless, Clerk of Courts
76 East Street
Pittsfield, Massachusetts 01201

     Re:    Charles Haddad
     Vs:    Peggy Kahn and Cipriani Accessories, Inc.   #05-131

Dear Ms. Capeless:  *Debbie*

     Enclosed for filing please find the following:

1.     Complaint;

2.     Civil Action Cover Sheet; and

3.     Check in the amount of $275.00 representing the court's filing fee.

     Thank you for your attention to this matter.

                 Very truly yours,

                 Thomas L. Campoli

TLC:acm
Encls.

cc:     Chubb Group of Insurance Companies
        Attn: Ms. Leslie A. Shapiro,
        Senior Litigation Examiner
        One Financial Center
        Boston, Massachusetts 02111-2697
        Claim No. 040502098845

A True Copy
Attest  Deborah Capeless
Clerk

NORTH ADAMS OFFICE: 40 MAIN STREET, NORTH ADAMS, MASSACHUSETTS 01247 •(413) 663-9501 •FAX (413) 663-9564
GREAT BARRINGTON OFFICE: 268 MAIN STREET, GREAT BARRINGTON, MASSACHUSETTS 01230 • (413) 528-5522 • FAX (413) 644-018 !

# Commonwealth of Massachusetts
## County of Berkshire
### The Superior Court



CIVIL DOCKET# **BECV2005-00131-A**

RE:   **Haddad v Kahn et al**

TO: Thomas L Campoli, Esquire
Campoli & Campoli
27 Willis Street
PO Box 1384
Pittsfield, MA 01202

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 08/08/2005 |
| Response to the complaint filed (also see MRCP 12) | 10/07/2005 |
| All motions under MRCP 12, 19, and 20 filed | 10/07/2005 |
| All motions under MRCP 15 filed | 10/07/2005 |
| All discovery requests and depositions completed | 03/06/2006 |
| All motions under MRCP 56 served and heard | 04/05/2006 |
| Final pre-trial conference held and firm trial date set | 05/05/2006 |
| Case disposed | 07/04/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**.  You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session **A** sitting in **Superior Court-2nd Floor at Berkshire Superior Court.**

Dated: 05/10/2005

Deborah S. Capeless
Clerk of the Courts

Location: Superior Court-2nd Floor
Telephone: (413) 499-7487

**A True Copy**

Attest: _Deborah S. Capeless_

Clerk

# Commonwealth of Massachusetts

BERKSHIRE, ss.

SUPERIOR COURT
CIVIL ACTION
No. BECV2005-00131-A

................Charles Haddad................................., Plaintiff(s)

v.

Peggy Kahn and Cipriani Accessories, In Defendant(s)

## SUMMONS

To the above-named Defendant:    Peggy Kahn

You are hereby summoned and required to serve upon ........................................................,

...........................Thomas L. Campoli...................................................................

plaintiff's attorney, whose address is ....Campoli & Monteleone, 27 Willis Street......
.................P.O. Box 1384, Pittsfield, MA 01202............................................., an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon
you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. You are also required to file your answer to the complaint in
the office of the Clerk of this court at Pittsfield either before service upon plaintiff's attorney or with-
in a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim
which you may have against the plaintiff which arises out of the transaction or occurrence that is the
subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any
other action.

Witness,    ~~ROBERT L. STEADMAN~~ BARBARA J. ROUSE, Esquire at Pittsfield, the .......26th........................... day
of ...May..................., in the year of our Lord ~~one thousand nine hundred and~~ ....2005.......................

*[signature]*
CLERK.

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate
   summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED —
   (1) — TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) — EQUITABLE RELIEF — (5) — Other.

Form - CIV. P. - 1 — 6-75 — 2500

NOTICE TO DEFENDANT—You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on June 16 _____, 2005, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

My 3rd attempt at the premises nobody was home. I taped the Summons and Complaint on the door. I then went to the post office and mailed a copy to the residence located at 467 Church Avenue, Cedarhurst NY, 11557

Dated: June 17 , 2005.     Jason Duncan

**N.B.    TO PROCESS SERVER:—**

PLEASE PLACE **DATE** YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX **ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

June 16    . 2005 .

COMMONWEALTH OF MASSACHUSETTS

BERKSHIRE, ss.

SUPERIOR COURT
CIVIL ACTION
No. BECV2005-0013-A

_____, Plff(s).

Charles Haddad

v.

Peggy Kahn and Cipriani Accessories, Inc. Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

A True Copy

Attest Deborah S. Capeless
Clerk



U.S. POSTAGE
PAID
HICKSVILLE.NY
11801
JUN 16, 05
AMOUNT
$0.90
00015024-36

UNITED STATES POSTAL SERVICE

## CERTIFICATE OF MAILING

U.S. POSTAL SERVICE

MAY BE USED FOR DOMESTIC AND INTERNATIONAL MAIL, DOES NOT PROVIDE FOR INSURANCE-POSTMASTER

Received From:
JD Serves 44
17 East old Country Rd. Unit B 201
Hicksville, N.Y. 11801

One piece of ordinary mail addressed to:
Peggy Kahn
407 Church Avenue
Cedarhurst, N.Y. 11516

PS Form 3817, January 2001

...ATE OF MASSACHI...

...CCESSORIES INC.

...Y OF NASSAU
...in, is over 18 years...

407 Church Aven...
Kahn there in name...

...y of each to said respo...
...dent

...by delivering a true c...
...be the corporation de...
...thereof.

[ ] SUITABLE AGE PERSON — by delivering thereat a true copy of each to a p... age and discretion. Said premise: is the respon... place of abode within the state.

[X] AFFIXING TO DOOR — by affixing a true copy of each to the door of s... within the state. Deponent was unable, with du... discretion thereat, having called there:
1. June 3, 2005 at 8:58am
2. June 9, 2005 at 8:37pm
3. June 16, 2005 at 9:00pm

[X] MAILING — On June 16, 2005 at approximately 10:25pm d... addressed to respondent at respon Jen's last kno... deposited said envelope in an official depositor... within New York State.

DESCRIPTION
☐ Male     ☐ White Skin     [] Black Hair
☐ Female   ☐ Black Skin     [] Brown Hai...
           ☐ Yellow Skin    [] Blonde Hai...
           ☐ Brown Skin     [] Gray Hair
           ☐ Red Skin       [] Red Hair
                            [] White Hair
                            [] Balding

A True Copy
Attest: Deborah S. Egelers
Clerk

THE COMMONWEALTH OF MASSACHUSETTS
BERKSHIRE, S.S. SUPERIOR COURT

F I L E D    JUN 2 1 2005    F I L E D

SUPERIOR COURT  _Deboral Stopela_
CIVIL ACTION
No. BECV2005-00131-A

SUPERIOR COURT OF THE STATE OF MASSACHUSETTS
COUNTY OF BERKSHIRE
-------------------------------------------------------------------

CHARLES HADDAD,
                 Plaintiff

          V.                                            *AFFIDAVIT OF SERVICE*

PEGGY KAHN and CIPRIANI ACCESSORIES INC.,
                 Defendant
-------------------------------------------------------------------

STATE OF NEW YORK, COUNTY OF NASSAU          SS. The undersigned, being duly sworn,
deposes and says; is not a party herein, is over 18 years of age and resides in Hicksville, Nassau County.

That on June 16, 2005 at 9:00 pm at 407 Church Avenue, Cedarhurst, NY 11559 deponent served the
Summons and Complaint on Peggy Kahn therein named

[ ] INDIVIDUAL     by delivering a true copy of each to said respondent; deponent knew the person so served to be the person
                   described as said respondent

[ ] CORPORATION    a domestic corporation, by delivering a true copy thereat a true copy of each to personally, deponent knew said
                   corporation so served to be the corporation described in said as said respondent and knew said individual to be
                   thereof.

[ ] SUITABLE AGE   by delivering thereat a true copy of each to a person of suitable
     PERSON        age and discretion. Said premises is the respondent actual place of business – actual dwelling place – or unusual
                   place of abode within the state.

[X] AFFIXING TO    by affixing a true copy of each to the door of said premises, which is respondents actual dwelling place
     DOOR          within the state. Deponent was unable, with due diligence to find respondent or a person of suitable age and
                   discretion thereat, having called there
                   1.   June 3, 2005 at 8:58am
                   2.   June 9, 2005 at 8:37pm
                   3.   June 16, 2005 at 9:00pm

[X] MAILING        On June 16, 2005 at approximately 10:25pm deponent enclosed a copy of same in a postpaid envelope properly
                   addressed to respondent at respondents last known residence at 407 Church Avenue, Cedarhurst, NY 11559 and
                   deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service
                   within New York State.

| DESCRIPTION | ☐ Male | ☐ White Skin | ☐ Black Hair | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 Lbs. |
| | ☐ Female | ☐ Black Skin | ☐ Brown Hair | ☐ 21-35 Yrs. | ☐ 5'0"-5'3" | ☐ 100-130 Lbs. |
| | | ☐ Yellow Skin | ☐ Blonde Hair | ☐ 36-50 Yrs. | ☐ 5'4"-5'8" | ☐ 131-160 Lbs. |
| | | ☐ Brown Skin | ☐ Gray Hair | ☐ 51-65 Yrs. | ☐ 5'9"-6'0" | ☐ 161-200 Lbs. |
| | | ☐ Red Skin | ☐ Red Hair | ☐ over 65 Yrs. | ☐ Over 6' | ☐ Over 200 Lbs. |
| | | | ☐ White Hair | | | |
| | | | ☐ Balding | | | |
| | | | ☐ Mustache | | | |
| | | | ☐ Beard | | | |
| | | | ☐ Glasses | | | |

A True Copy
Attest: _Deboral Stynkos_ Clerk

Other identifying features:

     MILITARY  I asked the person spoken to whether recipient was in active military service of the United States or the State of New
York in any capacity whatever and received a negative reply. Recipient wore ordinary civilian clothes and no military uniform. The
source of my information and the grounds of my belief are the conversations and observations above narrated. Upon information and
belief I aver that the recipient is not in military service of New York State or the United States as that term is defined in either the
State or in the Federal.

Sworn to before me on THIS 18TH DAY OF JUNE 2005          _Jason Drucker_
                                                           Jason Drucker

_Andrew Bova_
**ANDREW BOVA**
**Notary Public, State of New York**
**No. 01BO6116456**
**Qualified in Nassau County**
**Commission Expires October 4, 20_04_**

(3.)

# Commonwealth of Massachusetts

BERKSHIRE, ss.

SUPERIOR COURT
CIVIL ACTION
No. BECV2005-00131-A

Charles Haddad ........................................, Plaintiff(s)

v.

Peggy Kahn and Cipriani Accessories, Inc Defendant(s)

## SUMMONS

To the above-named Defendant:    Cipriani Accessories

You are hereby summoned and required to serve upon ........................................,
Thomas L. Campoli

plaintiff's attorney, whose address is ..... CAMPOLI & MONTELEONE, 27 Willis Street
.................... P.O. Box 1384, Pittsfield, MA 01202 ........................................, an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon
you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. You are also required to file your answer to the complaint in
the office of the Clerk of this court at Pittsfield either before service upon plaintiff's attorney or with-
in a reasonable time thereafter.

Unless otherwise provided by Rule 18(d), your answer must state as a counterclaim any claim
which you may have against the plaintiff which arises out of the transaction or occurrence that is the
subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any
other action.

Witness,    BARBARA J. ROUSE , Esquire at Pittsfield, the ......26th............... day
of .May...................., in the year of our Lord ~~one thousand nine hundred and~~    2005 .

_Deborah S Capeless_
CLERK.

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate
summons is used for each defendant, each should be addressed to the particular defendant.

A True Copy
Attest: _Deborah S Capeless_
Clerk

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED

(1) — TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) — EQUITABLE RELIEF — (5) — OTHER.

NOTICE TO DEFENDANT—You need not appear personally in court to answer the complaint, but if you claim
to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as
specified herein and also file the original in the Clerk's Office.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on *June 16* _____, 2005, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

*My 3rd attempt at the premises nobody was home. I taped the Summons and Complaint on the door. I then went to the post office and mailed a copy to the residence located at 467 Church Avenue, Cedarhurst, NY 11559.*

Dated: *June 17*, 2005.                     *Jason Drew*

---

**N.B.  TO PROCESS SERVER:—**

PLEASE PLACE **DATE** YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX **ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

*June    16    2005.*

---

COMMONWEALTH OF MASSACHUSETTS

BERKSHIRE, ss.

SUPERIOR COURT
CIVIL ACTION
No. BECV2005-00131-A

*Charles Haddad*, Pltf(s).

v.

*Pegsy Kahn and Cipriani Accessories Inc* Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

A True Copy
*Deborah Stagecos*
Clerk

U.S. POSTAL SERVICE        **CERTIFICATE OF MAILING**

MAY BE USED FOR DOMESTIC AND INTERNATIONAL MAIL, DOES NOT
PROVIDE FOR INSURANCE–POSTMASTER

Received From:
JD Serves 4 4
17 East old Country Rd UnitB Phi
Hicksville, N.Y, 11801

One piece of ordinary mail addressed to:
Cipriani Assesories Inc
c/o Steve Kahn
407 Church Avenue
Cedarhurst, N.Y. 11516

PS Form **3817**, January 2001

A True Copy

Attest: Deborah S. _____
Clerk

THE COMMONWEALTH OF MASSACHUSETTS
BERKSHIRE, S.S. SUPERIOR COURT

F I L E D    JUN 24 2005    F I L E D

SUPERIOR COURT OF THE STATE OF MASSACHUSETTS
COUNTY OF BERKSHIRE

*Deborah Stupsus* SUPERIOR COURT

CHARLES HADDAD,
   Plaintiff

CIVIL ACTION
No. BECV2005-00131-A

V.

*AFFIDAVIT OF SERVICE*

PEGGY KAHN and CIPRIANI ACCESSORIES INC.,
   Defendant

------------------------------------------------------------

STATE OF NEW YORK, COUNTY OF NASSAU  SS. The undersigned, being duly sworn, deposes and says; is not a party herein, is over 18 years of age and resides in Hicksville, Nassau County.

That on June 16, 2005 at 9:00 pm at 407 Church Avenue, Cedarhurst, NY 11559 deponent served the Summons and Complaint on Cipriani Accessories (Steve Kahn) therein named

| | |
|---|---|
| [ ] INDIVIDUAL | by delivering a true copy of each to said respondent; deponent knew the person so served to be the person described as said respondent |
| [ ] CORPORATION | a domestic corporation, by delivering a true copy thereat a true copy of each to personally, deponent knew said corporation so served to be the corporation described in said as said respondent and knew said individual to be thereof. |
| [ ] SUITABLE AGE PERSON | by delivering thereat a true copy of each to a person of suitable age and discretion. Said premises is the respondent actual place of business -- actual dwelling place -- or unusual place of abode within the state. |
| [X] AFFIXING TO DOOR | by affixing a true copy of each to the door of said premises, which is respondents actual dwelling place within the state. Deponent was unable, with due diligence to find respondent or a person of suitable age and discretion thereat, having called there<br>1. June 3, 2005 at 8:58am<br>2. June 9, 2005 at 8:37pm<br>3. June 16, 2005 at 9:00pm |
| [X] MAILING | On June 16, 2005 at approximately 10:25pm deponent enclosed a copy of same in a postpaid envelope properly addressed to respondent at respondents last known residence at 407 Church Avenue, Cedarhurst, NY 11559 and deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. |

| DESCRIPTION | ☐ Male<br>☐ Female | ☐ White Skin<br>☐ Black Skin<br>☐ Yellow Skin<br>☐ Brown Skin<br>☐ Red Skin | ☐ Black Hair<br>☐ Brown Hair<br>☐ Blonde Hair<br>☐ Gray Hair<br>☐ Red Hair<br>☐ White Hair<br>☐ Balding<br>☐ Mustache<br>☐ Beard<br>☐ Glasses | ☐ 14-20 Yrs.<br>☐ 21-35 Yrs.<br>☐ 36-50 Yrs.<br>☐ 51-65 Yrs.<br>☐ over 65 Yrs. | ☐ Under 5'<br>☐ 5'0"-5'3"<br>☐ 5'4"-5'8"<br>☐ 5'9"-6'0"<br>☐ Over 6' | ☐ Under 100 Lbs.<br>☐ 100-130 Lbs.<br>☐ 131-160 Lbs.<br>☐ 161-200 Lbs.<br>☐ Over 200 Lbs. |
|---|---|---|---|---|---|---|

Other identifying features:

MILITARY I asked the person spoken to whether recipient was in active military service of the United States or the State of New York in any capacity whatever and received a negative reply. Recipient wore ordinary civilian clothes and no military uniform. The source of my information and the grounds of my belief are the conversations and observations above narrated. Upon information and belief I aver that the recipient is not in military service of New York State or the United States as that term is defined in either the State or in the Federal.

Sworn to before me on THIS 18th DAY OF JUNE 2005.

*Jason Drucker*
Jason Dr.    **A True Copy**

*Andrew Bova*
**ANDREW BOVA**
**Notary Public, State of New York**
**No. 01BO6116456**
**Qualified in Nassau County**
**Commission Expires October 4, 20____**

Attest: *Deborah Stupsus*    **Clerk**

# CAMPOLI & MONTELEONE
### ATTORNEYS AT LAW
27 WILLIS STREET, P.O. BOX 1384
PITTSFIELD, MASSACHUSETTS 01201
PHONE (413) 443-6485 FAX (413) 448-6233
www.campolilaw.com

THOMAS L. CAMPOLI
J. PERI CAMPOLI
ROBERT A. MONTELEONE, JR.

ANDREW T. CAMPOLI
OF COUNSEL

JEFFREY R. LYNCH*
JEFFREY T. SCRIMO
SCOTT W. ELLIS *

*Also Admitted in CT

June 23, 2005

Berkshire County Superior Court
Attn: Deborah Capeless, Clerk of Courts
76 East Street
Pittsfield, Massachusetts 01201

      Re:    Charles Haddad
      Vs:    Peggy Kahn and Cipriani Accessories, Inc.
      <u>Civil Action No. BECV2005-00131-A</u>

Dear Ms. Capeless:

    Enclosed for filing please find the returns of service on the defendants. If you have any questions please call me.

Very truly yours,

Thomas L. Campoli

TLC:acm
Encls.

cc:    Chubb Group of Insurance Companies
       Attn: Ms. Leslie A. Shapiro,
       Senior Litigation Examiner
       One Financial Center
       Boston, Massachusetts 02111-2697
       Claim No. 040502098845

A True Copy

Deborah Capeless
Clerk

# COMMONWEALTH OF MASSACHUSETTS
## SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

BERKSHIRE, ss.                          Civil Action No.  BECV2005-00131-A

CHARLES HADDAD,                      )
             Plaintiffs,         )
      v.                           )
                              )
PEGGY KAHN and                       )
CIPRIANI ACCESSORIES, INC.,          )
             Defendants          )


## APPEARANCE

To the Clerk of Courts:

Please enter my appearance on behalf of the defendants in the above entitled matter.


The defendants,

By:  _(signature)_
John S. Ferrara, Esq.
Dalsey, Ferrara & Albano
73 State Street, Suite 101
Springfield, MA  01103
Tel. No.  (413) 736-6971
Fax No.  (413) 746-9224
BBO No. 542078


### PLAINTIFF'S CERTIFICATE OF SERVICE and COMPLIANCE

I, John S. Ferrara, hereby certify that a true copy of the above document was served upon the attorney of record for each party by mailing same, postage prepaid, on June 27, 2005.

Pursuant to Superior Court Standing Order No. 1-88, I certify that the above document is served within, or is not subject to the designated time standards for this case, or is filed by leave of the Regional Administrative Justice or his designee.

By:  _(signature)_
John S. Ferrara, Esq.

A True Copy
Attest  _(signature)_ Deborah Stephens
Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

I hereby certify on 6/27/05 that the
foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☐ electronically filed original filed on
☑ original filed in my office on 6/27/05

Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts
By: Mary Finn
Deputy Clerk

| | |
|---|---|
| CHARLES HADDAD, | ) |
|       Plaintiffs, | ) |
| v. | ) |
| | ) |
| PEGGY KAHN and | ) |
| CIPRIANI ACCESSORIES, INC., | ) |
|       Defendants | ) |

Civil Action No. 05-30154-MAP

## DEFENDANTS' NOTICE OF REMOVAL

PEGGY KAHN and CIPRIANI ASSOCIATES, the defendants in the above-referenced matter (hereinafter "Defendants"), hereby give notice, pursuant to 28 U.S.C. §§ 1441 and 1446, of their removal of this matter to this Court from the Superior Court of Berkshire County, Massachusetts, sitting at Greenfield (hereinafter "Superior Court").

As grounds for removal, the defendants, by their undersigned counsel, state as follows:

1.    This is an action of tort commenced by the Plaintiff, CHARLES HADDAD (hereinafter "Plaintiff"), in the Superior Court on or about May 10, 2005, arising from a motor vehicle collision that occurred in Great Barrington, Berkshire County, Massachusetts.

2.    Copies of the following documents, representing all process, pleadings and orders served upon the defendants to date in the Superior Court proceeding, which is captioned and numbered, *Charles Haddad,, Plaintiff v. Peggy Kahn and Cipriani Associates,*

A True Copy
Attest: Deborah S. Capeless
Clerk

*Defendants*, Civil Action No.: BECV2005-00131-A, are attached pursuant to 28 U.S.C. § 1446(a), and are incorporated herein by reference:

    a.  Complaint;

    b.  Civil Action Cover Sheet;

    c.  Summonses with Acceptance of Service.

3.    The plaintiff, CHARLES HADDAD alleges in his Complaint that he is a resident of Great Barrington, Berkshire County, Massachusetts.

4.    The defendant, PEGGY KAHN, is an individual who resides in Cedarhurst, New York.

5.    The defendant, CIPRIANI ASSOCIATES, INC. is a corporation with a principal office in Far Rockaway, New York.

6.    The Plaintiff alleges in his Complaint that on September 27, 2002, he sustained injuries in an automobile accident involving the defendant, PEGGY KAHN that occurred in Great Barrington, Berkshire County, Massachusetts.

7.    The Plaintiff's civil action cover sheet, filed with the Complaint, asserts damages in excess of three hundred thousand ($300,000) dollars, based on medical costs incurred in the approximate amount of seventeen thousand ($17,000) dollars, lost wages in the approximate amount of twenty-two thousand ($22,000) dollars, anticipated future medical expenses in the approximate amount of ten thousand ($10,000), and anticipated future loss of earnings of approximately twenty thousand ($20,000) dollars.

A True Copy

Attest: *Deborah S. Capeless*

Clerk

8.    The summons and the complaint in this matter were served upon defendants on or about June 16, 2005.

9.    This action is properly removable to this Court pursuant to 28 U.S.C. § 1441(a) in that this Court possesses original diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1).    This action is between citizens of different states.  The claim involves an amount in controversy which may exceed the sum or value of Seventy-Five Thousand and 00/100 ($75,000.00) Dollars, exclusive of interest and costs, and there has already been an offer of settlement in excess of that sum.

10.    In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.

The defendants,
Peggy Kahn and Cipriani Accessories, Inc.

By:    _John S. Ferrara_

John S. Ferrara, Esq.  - BBO No. 542078
Dalsey, Ferrara & Albano
73 State Street, Suite 101
Springfield, MA 01103
Tel. No. (413) 736-6971
Fax No. (413) 746-9224
June 27, 2005

## CERTIFICATE OF SERVICE

I, John S. Ferrara, Esq., hereby certify that I made service of the foregoing document, by mailing a copy of it, postage prepaid, to counsel for the plaintiff, Thomas Campoli, Esq. on this date, June 27, 2005.

_John S Ferrara_
John S. Ferrara, Esq.

A True Copy

Attest _Deborah S Hapdekes_
Clerk

3

## CIVIL ACTION COVER SHEET
## INSTRUCTIONS

## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**CONTRACT**

| | | |
|---|---|---|
| A01 | Services, labor and materials | (F) |
| A02 | Goods sold and delivered | (F) |
| A03 | Commercial Paper | (F) |
| A08 | Sale or lease of real estate | (F) |
| A12 | Construction Dispute | (A) |
| A99 | Other (Specify) | (F) |

**TORT**

| | | |
|---|---|---|
| B03 | Motor Vehicle negligence-personal injury/property damage | (F) |
| B04 | Other negligence-personal injury/property damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice-medical | (A) |
| B07 | Malpractice-other(Specify) | (A) |
| B08 | Wrongful death,G.L.c.229,s2A | (A) |
| B15 | Defamation (Libel-Slander) | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury-Slip&Fall | (F) |
| B21 | Environmental | (A) |
| B22 | Employment Discrimination | (F) |
| B99 | Other (Specify) | (F) |

**REAL PROPERTY**

| | | |
|---|---|---|
| C01 | Land taking (eminent domain) | (F) |
| C02 | Zoning Appeal, G.L. c.40A | (F) |
| C03 | Dispute concerning title | (F) |
| C04 | Foreclosure of mortgage | (X) |
| C05 | Condominium lien and charges | (X) |
| C99 | Other (Specify) | (F) |

**EQUITABLE REMEDIES**

| | | |
|---|---|---|
| D01 | Specific performance of contract | (A) |
| D02 | Reach and Apply | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of Trust | (A) |
| D08 | Minority Stockholder's Suit | (A) |
| D10 | Accounting | (A) |
| D12 | Dissolution of Partnership | (F) |
| D13 | Declaratory Judgment G.L.c.231A | (A) |
| D99 | Other (Specify) | (F) |

**MISCELLANEOUS**

| | | |
|---|---|---|
| E02 | Appeal from administrative Agency G.L. c. 30A | (X) |
| E03 | Action against Commonwealth Municipality, G.L. c.258 | (X) |
| E05 | All Arbitration | (X) |
| E07 | c.112,s.12S (Mary Moe) | (X) |
| E08 | Appointment of Receiver | (X) |
| E09 | General contractor bond, G.L. c.149,s.29,29a | (A) |
| E11 | Workman's Compensation | (X) |
| E14 | Chapter 123A Petition-SDP | (X) |
| E15 | Abuse Petition, G.L.c.209A | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act, G.L.c.12,s.11H | (A) |
| E18 | Foreign Discovery proceeding | (X) |
| E96 | Prisoner Cases | (F) |
| E97 | Prisoner Habeas Corpus | (X) |
| E99 | Other (Specify) | (X) |

## TRANSFER YOUR SELECTION TO THE FACE SHEET.

## EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | ☒ Yes ☐ No |

## SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defencant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

### A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT,  BUFF COLOR PAPER.

### FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.